IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ESTATE OF VADA RAMSEY,
CAROL LEARY, ADMINISTRATOR,

    **Plaintiff,**

v.                                          Civil Action No. 1:14-cv-40

UPMC SHADYSIDE;
FOROZAN NAVID,

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I.    Procedural History

On March 10, 2014, *pro se* Plaintiff Estate of Vada Ramsey, Carol Leary, Administrator ("the Estate"), filed a Complaint in this Court. (Docket No. 1.) In that Complaint, the Estate asserts that Defendants, UPMC Shadyside and Dr. Forozan Navid committed medical malpractice and wrongful death against Vada Ramsey during her stay at UPMC Shadyside,[1] located in Pittsburgh, Pennsylvania. The Estate seeks $10 million in damages for "expenses incurred" and "loss of enjoyment of life, mental anguish and unbearable suffering." (Id.)

On April 4, 2014, Defendants filed a "Motion to Dismiss." (Docket No. 9.) On April 11, 2014, this matter was referred to the undersigned by United States District Judge Irene M. Keeley. (Docket No. 12.) That same day, the undersigned entered notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), notifying the Estate of its right to respond to the Motion to Dismiss. (Docket No. 13). The undersigned directed the Estate to file a response within thirty (30)

---

[1] According to Defendants, the correct name of the hospital is UPMC Presbyterian Shadyside. (Docket No. 9 at 1.)

days of the date of the Roseboro notice. The Estate filed an "Opposition to Motion to Dismiss" on May 1, 2014. (Docket No. 18.) Accordingly, Defendant's Motion to Dismiss is ripe for disposition.

## II. Contentions of the Parties

Defendants assert that the Estate's Complaint should be dismissed because:

1. The Court lacks personal jurisdiction over Defendants;

2. The Northern District of West Virginia is an improper venue; and

3. The Estate failed to comply with W. Va. Code § 55-7B-6 by failing to serve a notice of claim and pre-suit Screening Certificate of Merit.

(Docket No. 9-1 at 2-11.)

In its response, the Estate indicates that as a *pro se* Plaintiff, it was "uncertain or confused by certain guidelines" and "believed [it] could file in either the state the plaintiffs or defendants resided in. If it pleases the court, we will file a motion for a change of venue." (Docket No. 18 at 1.) As to Defendants' claim regarding failure to comply with W. Va. Code § 55-7B-6, the Estate asserts that "[d]ue to the nature of the claim, primarily an E Coli infection that is verified by defendants [sic] own records, a formal complaint filed with the Joint Commission in PA, and conversations with personnel at the time of incident, we believe that it meets the criteria for a well-established legal theory of liability." (Id. at 2.)

## III. Analysis

*A. Personal Jurisdiction*

Once a defendant challenges personal jurisdiction, the plaintiff has the burden of producing facts that support the existence of jurisdiction. See Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly

2

challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff."). Ultimately, a plaintiff must establish personal jurisdiction by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Carefirst of Md., Inc., 334 F.3d at 396. Where, as here, the court does not hold a hearing and addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden only of making a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

A plaintiff must make two showings to establish personal jurisdiction over a non-consenting, non-resident defendant. First, the plaintiff must demonstrate that a statute makes the defendant amenable to process. See, e.g., Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009) ("A federal district court may only exercise personal jurisdiction over a foreign corporation if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment."). Second, maintenance of the suit in the forum at issue must be consistent with traditional notions of fair play and substantial justice embodied in the Due Process Clause. Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).

The Fourth Circuit has recognized that "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Therefore,

3

> [t]o satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." . . . Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." . . . This occurs where the contacts "proximately result form actions by the defendant *himself* that create a 'substantial connection' with the forum state," . . . or where the defendant's efforts are "purposefully directed" at the state.

Vass v. Volvo Trucks N. Am., 304 F. Supp. 2d. 851, 854 (S.D. W. Va. 2004) (internal citations omitted).

Defendants attached two Affidavits to their Motion to Dismiss, one by Dr. Navid and one by William Shaffner, Esq., Senior Association Counsel for UPMC. In his Affidavit, Dr. Navid states that he does not have an "office of any kind" in West Virginia, does not hold a license to practice medicine in West Virginia, does not treat patients or serve on the staff at any West Virginia location or hospital, does not conduct any type of business in West Virginia, does not own any property in West Virginia, and did not provide any medical treatment to Vada Ramsey in West Virginia. (Docket No. 9-2 at 1-2.) Furthermore, Mr. Shaffer asserts that UPMC Presbyterian Shadyside does not operate in West Virginia and did not provide any medical treatment to Vada Ramsey in West Virginia. (Docket No. 9-3 at 1-2.) In its response, the Estate has failed to assert any contact by Defendants with West Virginia, much less the minimum contacts necessary to satisfy the Due Process Clause. Accordingly, based upon the Defendants' motion to dismiss and the Estate's Complaint, the undersigned finds that the Court cannot exercise personal jurisdiction over Defendants, as any actions taken by them occurred solely in Pennsylvania, and there is no indication that Defendants have ever had any contact whatsoever with West Virginia.

**B.**     ***Improper Venue***

> For purposes of venue, a civil action may be filed in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Fed. R. Civ. P. 12(b)(3), a defendant who believes that the plaintiff has filed an action in an improper venue can file a motion challenging venue. Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The undersigned agrees with Defendants that venue in this Court is improper under § 1391(b)(1). Under that provision, both UPMC Shadyside and Dr. Navid must be residents of West Virginia. An individual is "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). As noted in his Affidavit, Dr. Navid is a resident of Pennsylvania. (Docket No. 9-2.) As to corporations,

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d). As noted in the Affidavit of William Shaffner, Esq., Senior Associate Counsel

for UPMC, UPMC is a "non-profit corporation licensed in the Commonwealth of Pennsylvania with its registered office address and principal location in Pittsburgh, Pennsylvania." (Docket No. 9-3.) The undersigned has already determined that this Court lacks personal jurisdiction over UPMC Shadyside. Accordingly, because Defendants are not residents of West Virginia, venue cannot lie with this Court pursuant to § 1391(b)(1).

The undersigned also agrees that this Court is an improper venue under § 1391(b)(2). When "determining whether events or omissions are sufficiently substantial to support venue [under this provision], a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (internal citation and quotation marks omitted). For venue to be proper, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005).

The parties do not dispute that Vada Ramsey received the medical treatment at issue in Pittsburgh, Pennsylvania. In the Estate's Complaint, the only ties to West Virginia mentioned are that Vada Ramsey was a resident of Harrison County, West Virginia and that she was transferred "back and forth from [UPMC Shadyside] to a long term care unit in WV." (Docket No 1.) In a timeline attached to its opposition to Defendants' Motion to Dismiss, the Estate indicates that on February 8, 2012, Vada Ramsey was transferred to a long-term care facility in Charleston, West Virginia, which is within the Southern District of West Virginia. The Estate further mentions that

during the transport to Charleston, the ambulance had to stop in Fairmont, West Virginia, within the Northern District of West Virginia, because Mrs. Ramsey was "having difficulty breathing and problems with oxygen." (Docket No. 18 at 4.) Despite these events that occurred in West Virginia, it is apparent from the facts presented that the "substantial" events giving rise to the Estate's claims of medical malpractice and wrongful death occurred in Pittsburgh, Pennsylvania. Accordingly, this Court is not a proper venue under § 1391(b)(2).[2]

Finally, the undersigned agrees that § 1391(b)(3) cannot save venue in this Court. As noted above, this subsection applies only "if there is no district in which an action may otherwise be brought as provided in this section." However, for § 1391(b)(3) to apply, the district court must have personal jurisdiction over the defendants. The undersigned has already found that this Court lacks personal jurisdiction over Defendants. Accordingly, venue in this Court is also improper under § 1391(b)(3).

## IV. Conclusion

The undersigned finds that the Defendants' Motion to Dismiss should be granted. Not only does this Court lack personal jurisdiction over the Defendants, but this Court is also not a proper venue for the Estate's suit under the provisions of 28 U.S.C. § 1391(b). Having found this, the undersigned does not consider whether the Estate failed to comply with W. Va. Code § 55-7B-6 before filing its Complaint.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' "Motion to

---

[2] The undersigned notes that under both § 1391(b)(1) and § 1392(b)(2), the Western District of Pennsylvania would appear to be a proper venue for the Estate's suit.

7

Dismiss" (Docket No. 9) be **GRANTED** and that the Estate's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation/Opinion, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation/Opinion to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation/Opinion set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation/Opinion. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation/Opinion to any counsel of record herein and to mail a copy to the *pro se* Plaintiff at its last shown address by Certified United States Mail, Return Receipt Requested.

DATED: May 6, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE